KAREN P. HEWITT
United States Attorney
DAVID M. McNEES
Special Assistant U.S. Attorney
California State Bar No. 216612
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5979
E-mail: david.mcnees@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 2004 HARLEY DAVIDSON FLSTC, CA LICENSE NO. 8C7957, VIN 1HD1BWB154Y085172, ITS TOOLS AND APPURTENANCES,<br><br>$1,862.00 IN U.S. CURRENCY,<br><br>Defendants. | Case No. 08cv0507-L(WMc)<br><br>AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT AS TO THE INTEREST OF BRUCE KEVIN LAMBERT AND ALL POTENTIAL CLAIMANTS EXCEPT G.E. MONEY BANK<br><br>DATE: November 10, 2008<br>TIME: 10:30 a.m.<br>CTRM: 14 |

I

MEMORANDUM OF POINTS AND AUTHORITIES

A. Introduction

This matter comes before the Court on Plaintiff's amended motion for default judgment. The verified complaint commencing this action against the Defendants was filed March 19, 2008, alleging forfeiture pursuant to Title 21, United States Code, Sections 881 (a)(4) and/or (a)(6) (forfeiture of proceeds of narcotics). The complaint was verified by Task Force Officer Nancy Zuniga-Ryan. The present amended motion for default judgment seeks the forfeiture of the interest of Bruce Kevin Lambert and all other potential claimants except G.E. Money Bank.

//

//

**EXHIBIT 1**

B. Statement of the Case

On March 19, 2008, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the defendant properties,

ONE 2004 HARLEY DAVIDSON FLSTC M/C, CA LICENSE NO. 8C7957, VIN 1HD1BWB154Y085172, ITS TOOLS AND APPURTENANCES, and

$1,862.00 IN U.S. CURRENCY.

On April 10, 2008, the defendants were seized and arrested by a duly authorized United States Marshal, who thereafter took possession and custody of the defendants, pursuant to the Court's Order appointing the United States Marshal as custodian, dated April 4, 2008.

On April 15, 16, and 18, 2008, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, notice was published in the San Diego Commerce.

On March 24, 2008, a Notice of Complaint and a copy of the Complaint for Forfeiture were sent by certified mail as follows:

| Name and address | Article No. | Result |
|---|---|---|
| Bruce Kevin Lambert<br>Booking No. 8105549<br>East Mesa Detention Facility<br>446 Alta Road, Suite 5200<br>San Diego, CA 92158-0002 | 7004 2510 0003 3017 4120 | Signed for as received on 03/25/08 |
| G. E. Money Bank<br>Attn: Trish Walker<br>P.O. Box 10670<br>Tempe, AZ 85284-0012 | 7004 2510 0003 3017 4137 | Signed for as received on 03/28/08 |

On or about July 17, 2008, the U.S. Attorney's Office received a letter from G.E. Money Bank's counsel, Kary R. Kump, stating that G.E. Money Bank, as the lienholder, intends to recover the vehicle. The United States recognizes the valid lienholder interest of G.E. Money Bank in the 2004 Harley Davidson.

From the time of above-referenced notices, no claim or answer has been filed regarding the above-named defendant properties by anyone other than claimant G.E. Money Bank to the 2004 Harley Davidson.

On August 20, 2008, the Government filed an Amended Declaration of and Request for Clerk's Entry of Default as to Bruce Kevin Lambert and All Potential Claimants Except G.E. Money Bank. A Clerk's Entry of Default as to Bruce Kevin Lambert and All Potential Claimants Except G.E. Money Bank was issued on August 21, 2008, and a copy is hereby attached as Exhibit 2.

C. Statement of Facts

During the month of July 2007, detectives with the San Diego Sheriff's South East Narcotics Team (SENT team) were conducting surveillance on narcotic transactions. The purpose of the surveillance was to observe and document narcotic sellers sell methamphetamine. This operation was in the City of Santee, County of San Diego.

Detectives observed a male later identified as Bruce Lambert pull up to the location on a 2004 Harley Davidson, California license plate 8C7957. Detectives observed Lambert approach an individual and engage in a narcotic transaction. After Lambert had left the area on his motorcycle, detectives confirmed that a narcotic transaction had occurred. The detectives recovered 3.5 grams of methamphetamine which Lambert had just sold.

In September 2007, the same narcotics team was conducting a similar operation when they once again observed Lambert arrive on the same Harley Davidson. Detectives again watched a narcotic transaction involving Lambert. The detectives recovered 3.5 grams of methamphetamine which Lambert sold on this occasion.

On September 24, 2007, the SENT team observed Lambert leaving an apartment complex and believed him to be involved in another drug transaction. Detectives requested that Lambert be stopped by uniformed deputies pursuant to his active Fourth Amendment waiver search conditions. Lambert was searched during the stop and found to have $954.00 in his wallet, and another $908.00 rolled up in his pants pocket.

The SENT team then went to Lambert's residence at 10219 Los Ranchitos Road in Lakeside to search the house, also pursuant to the Fourth Amendment waiver condition. Detectives located numerous packaging baggies inside a safe in a shed in the backyard. They also located the 2004 Harley Davidson they had observed Lambert deliver methamphetamine with on two prior occasions. At this time detectives knew Lambert to be on bail from an arrest for a violation of

California Health and Safety Code section 11378, possession of a controlled substance for sale. During the previous arrest, over two grams of methamphetamine had been found on Lambert's person. A search of his house at that time had revealed an additional 48 grams of methamphetamine, as well as a scale and packaging material. Lambert is currently in custody after pleading guilty in both cases.

D. Deadlines for Filing a Claim and Answer

This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Pursuant to Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the Government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the court may allow. An answer must be filed and served within twenty (20) days thereafter, pursuant to Title 18, United States Code, Section 983(a)(4)(B).

Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."

The plaintiff served notice of forfeiture on all known potential claimants on March 24, 2008. From the time of said notice, no claim or answer has been filed by any potential claimants regarding the above-named defendants. (See Declaration of David M. McNees, attached hereto as Exhibit 3.)

E. The Government Establishes Its Case by a Preponderance of the Evidence

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c) states in pertinent part:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -
>
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;

> (2) the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

The Government's evidence is undisputed by any claimant. Thus, the Government has shown by a preponderance of the evidence that the defendants were properties involved in a transaction or attempted transaction, or were properties traceable to property involved in violation of Chapter 13, Title 21, United States Code, pursuant to Title 21, United States Code, Section 881(a)(6) or (a)(4).

Pursuant to the allegations in the verified complaint that the defendant properties constitute money or other things of value furnished in exchange for a controlled substance, the Government has both proven its case by a preponderance of the evidence and established the requisite nexus between the defendants and the offense.

## II

## CONCLUSION

For the foregoing reasons, it is requested that the interest of Bruce Kevin Lambert and any other potential claimants, except G. E. Money Bank to the 2004 Harley Davidson, be ordered condemned and forfeited to the United States according to the request herein.

DATED: August 26, 2008

KAREN P. HEWITT
United States Attorney

s/David M. McNees

DAVID M. McNEES
Special Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
E-mail: david.mcnees@usdoj.gov